# EXHIBIT G

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| Plaintiff(s) | CIVIL DIVISION |
|---|---|
| VIP Delivery Solutions, LLC<br>8006 Finch Road<br>Gibsonia, PA  15044<br><br>and<br><br>Steel City Eagles Corp<br>100 S. Commons Ste. 102<br>Pittsburgh, PA  15212 | **Case Number :**<br><br>GD - 22 - 006547<br><br>**Type of pleading :**<br>Complaint<br><br>**Code and Classification :**<br><br>**Filed on behalf of**<br>Plaitniffs, VIP Delivery Solutions, LLC and Steel City Eagles Corp<br><br>(Name of the filing party) |
| **Vs**<br>Defendant(s)<br><br>Mercedes-Benz USA, LLC<br>One Mercedes-Benz Drive<br>Sandy Springs, GA  30328 | ☐ Counsel of Record<br>☐ Individual, If Pro Se<br><br>Name, Address and Telephone Number :<br>Randy C. Greene, Esquire<br>Dugan, Brinkmann, Magissins and Pace<br>9 Presidential Blvd.Ste. 100<br>Bala Cynwyd, PA  19004<br>215-563-3500<br><br>Attorney's State ID :  62692<br><br>Attorney's Firm ID : |

GD-22-006547

[cover]

DUGAN, BRINKMANN, MAGINNIS, AND PACE
BY:     RANDY C. GREENE, ESQUIRE
ATTORNEY I.D. #62692
9 Presidential Boulevard, Ste. 100
Bala Cynwyd, PA  19004
215-563-3500                                                     Attorney for Plaintiff
Email: rcgreene@dbmplaw.com

| | |
|---|---|
| VIP DELIVERY SOLUTIONS, LLC<br><br>And<br><br>STEEL CITY EAGLES CORP<br><br>And<br><br>Old Republic Insurance Company<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC<br><br>Defendant. | Court of Common Pleas<br>Allegheny County<br><br>No. GD-22-006547 |

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**Lawyer Referral Service**
**Allegheny County**
(412)-261-5555

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  A demás, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

DUGAN, BRINKMANN, MAGINNIS, AND PACE
BY:     RANDY C. GREENE, ESQUIRE
ATTORNEY I.D. #62692
9 Presidential Boulevard, Ste. 100
Bala Cynwyd, PA  19004
215-563-3500                                                     Attorney for Plaintiff
Email: rcgreene@dbmplaw.com

| | |
|---|---|
| VIP DELIVERY SOLUTIONS, LLC<br><br>And<br><br>STEEL CITY EAGLES CORP<br><br>And<br><br>Old Republic Insurance Company<br>                                  Plaintiff,<br><br>          v.<br><br>MERCEDES-BENZ USA, LLC<br><br>                                  Defendant. | Court of Common Pleas<br>Allegheny County<br><br>No. GD-22-006547 |

## <u>PLAINTIFFS' COMPLAINT</u>

Plaintiffs VIP Delivery Solutions, LLC; Steel City Eagles, Corp.; and Old Republic Insurance Company, by and through their attorneys, Dugan Brinkmann Maginnis & Pace, hereby state the following:

1.      Plaintiff VIP Delivery Solutions, LLC (hereinafter, "Plaintiff VIP Delivery") is, and at all relevant times was, a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business existing at 8006 Finch Road, Gibsonia, Pennsylvania 15044.

2.      Plaintiff Steel City Eagles, Corp. (hereinafter, "Plaintiff Steel City Eagles") is, and at all relevant times was, a company duly organized and existing under the laws of the

Commonwealth of Pennsylvania with a principal place of business located at 100 South Commons, Suite 102, Pittsburgh, Pennsylvania 15212.

3.      Plaintiff Old Republic Insurance Company (hereinafter, "Plaintiff Old Republic") is, and at all relevant times was, a company duly organized and existing under the laws of the State of Pennsylvania with a principal place of business located at  307 N. Michigan Avenue, Suite 1418, Chicago, Illinois 60601.

4.      At all times material or relevant hereto, Plaintiff Old Republic provided Plaintiffs VIP Delivery and Steel City Eagles with a policies of insurance which insured against property, liability and loss-of-business-income damages, including those that form the basis of this action.

5.      Upon information and belief, Defendant Mercedes-Benz USA, LLC (hereinafter, "Defendant Mercedes-Benz") is, and at all relevant times was, a company duly organized and existing under the laws of the State of Delaware with a principal place of business located at One Mercedes-Benz Drive, Sandy Springs, Georgia 30328.

## STATEMENT OF FACTS

6.      Plaintiffs VIP Delivery and Steel City Eagles are, and at all relevant times were, Delivery Service Providers that facilitates e-commerce delivery services throughout the Greater Pittsburgh Region.

7.      Plaintiffs VIP Delivery and Steel City Eagles leased 44 and 14 2019 Mercedes-Benz "Sprinter" Vans (hereinafter, "Mercedes Sprinter Vans"), respectively, for the purpose of effectuating deliveries through the Greater Pittsburgh Region.

8.      Upon information and belief, the 2019 model of the Mercedes Sprinter Van was the first in its line to be outfitted with Defendant Mercedes-Benz's Intelligent Shift Module (ISM) in lieu of the cable-shift mechanism utilized in previous models. The ISM, *inter alia*, introduced a

safety mechanism in which it would automatically place the Mercedes Sprinter Van into Park whenever the driver's-side door was opened. Said safety feature is intended to prevent a vehicle rollaway from occurring should the operator inadvertently fails to shift to Park before exiting the vehicle.

**First VIP Delivery Rollaway Event**

9.      On or around July 5, 2020, at approximately 4:00 p.m., Mr. Bernard Moon parked his 2019 Mercedes Sprinter Van (VIN: WD4PF1CDXKP136315) along an inclined street while in the process of effectuating deliveries within the scope of his employment with Plaintiff VIP Delivery.

10.     Mr. Moon put his Mercedes Sprinter Van in park, engaged the emergency parking brake, and exited the vehicle through the driver-side door. Soon thereafter, Mr. Moon heard a loud "Bang" and witnessed the Mercedes Sprinter Van begin to roll backward downhill. Mr. Moon attempted unsuccessfully to reenter the Mercedes Sprinter Van. However, while the vehicle continued to gain speed and momentum, Mr. Moon found himself caught in the door and dragged for approximately one block before he was able to disentangle himself. Mr. Moon lost consciousness momentarily. When he came to, the Mercedes Sprinter Van had come to a stop after colliding with another vehicle parked along the side of the road.

11.     As a result of this rollaway event and subsequent collision, Plaintiff VIP Delivery suffered significant first- and third-party property damages.

**Second VIP Delivery Rollaway Event**

12.     On or around August 21, 2020, at approximately 2:15 p.m., Mr. Jarrett Jones parked his 2019 Mercedes Sprinter Van (VIN: WD4PF1CD3KP127682) along a slight incline at or near

33 Woodland Drive, Pittsburgh, Pennsylvania 15228 for the purpose of effectuating a delivery within the scope of his employment with Plaintiff VIP Logistics.

13.     Mr. Jones engaged the Mercedes Sprinter Van's parking break, put it in park, and then exited the vehicle and walked toward the rear to locate a package. After approximately ten seconds, Mr. Jones heard a loud "Bang" and witnessed the Mercedes Sprinter Van begin to roll forward unattended while emitting a rapid "clicking" noise. The vehicle eventually came to a stop after colliding into a nearby resident's retaining wall.

14.     As a result of this rollaway event and subsequent collision, Plaintiff VIP Delivery suffered significant first- and third-party property damages.

**Third VIP Delivery Rollaway Event**

15.     On or around November 9, 2020, at approximately 1:45 p.m., Mr. Jamerris Holdor parked his 2019 Mercedes Sprinter Van (VIN: WD4PF1CD4KP132695) along an incline at or near 529 Vale Avenue, Plum, Pennsylvania 15239 for the purpose of effectuating a delivery within the scope of his employment with Plaintiff VIP Delivery.

16.     Mr. Holdor put the Mercedes Sprinter Van in park, engaged the emergency parking brake, exited the vehicle, and then walked toward its rear to locate a package. He then heard a loud "Bang" and witnessed the Mercedes Sprinter Van begin to roll down the graded road while emitting a rapid "clicking" noise. Mr. Holdor attempted reenter the vehicle in order to regain control. Mr. Holdor managed to jump onto the step outside the driver-side door, and to open said door, when the Mercedes Sprinter Van collided with another vehicle that was parked alongside the curb. Conservation of momentum then jettisoned Mr. Holdor forward onto the ground.

17.     As a result of this rollaway event and subsequent collision, Plaintiff VIP Delivery suffered significant first- and third-party property damages.

**Fourth VIP Delivery Rollaway Event**

18.     On or around January 30, 2021, at approximately 12:00 p.m., Mr. Levi Vickers parked his 2019 Mercedes Sprinter Van (VIN: WD4PF0CD8KP092146) along an inclined road at or near 2018 Kendon Drive East, Pittsburgh, Pennsylvania 15221 for the purpose of effectuating a delivery within the scope of his employment with Plaintiff VIP Delivery.

19.     Mr. Vickers put the Mercedes Sprinter Van in park, engaged the emergency parking brake, and then began to exit the vehicle. However, Mr. Vickers was only able to get one foot out of the driver-side door before he heard a loud "Bang", and the Mercedes Sprinter Van began to roll forward down the inclined street. Mr. Vickers lost his balance and was dragged alongside the Mercedes Sprinter Van as it passed two separate houses. The Mercedes Sprinter Van then careened off another vehicle parked along the curb and came to a rest after colliding with a wall outside a nearby residence.

20.     As a result of this rollaway event and subsequent collisions, Plaintiff VIP Delivery suffered significant first- and third-party property damages.

**First Steel City Eagles Rollaway Event**

21.     On or about October 12, 2020, at approximately 1:00 p.m., Ms. Porsha Humphries parked her 2019 Mercedes Sprint Van (VIN: WD4PF0CDXKP082525) along a slightly inclined road at or near 103 Walnut Ridge Drive, Pittsburgh, Pennsylvania 15238 for the purpose of effectuating a delivery in the course of her employment with Plaintiff Steel City Eagles.

22.     Ms. Humphries put her Mercedes Sprint Van in park, engaged the parking brake, and then exited through the driver-side door. As soon as Ms. Humphries had exited the Mercedes Sprinter Van, she heard as loud "Bang" and witnessed the vehicle begin to roll backward downhill

while emitting a rapid "clicking" noise. The Mercedes Sprinter Van ran over a resident's mailbox before coming to a stop after colling into a parked vehicle.

23.     As a result of this rollaway event and subsequent collisions, Plaintiff Steel City Eagles suffered significant first- and third-party property damages.

**Second Steel City Eagles Rollaway Event**

24.     On or about May 16, 2021, at approximately 3:15 p.m., Mr. Nick Hill parked his 2019 Mercedes Sprinter Van (VIN: WD4PF0CD7KT004873) along an inclined road at or near 117 Laurelwood Drive, Pittsburgh, Pennsylvania 15237 for the purpose of effectuating a delivery within the scope of his employment with Plaintiff Steel City Eagles.

25.     Mr. Hill put the Mercedes Sprinter Van in park, shut the engine off, and exited the vehicle. Mr. Hill then completed his delivery and began to return to the Mercedes Sprinter Van. As he was doing so, he witnessed the vehicle begin to roll backward down the graded road unaccompanied. The Mercedes Sprinter Van ran over a multiple mailboxes and fences belonging to nearby residences and collided with two parked vehicles before finally coming to a rest.

26.     As a result of this rollaway event and subsequent collisions, Plaintiff Steel City Eagle suffered significant first- and third-party property damages.

**INSPECTION**

27.     A series of expert examinations were performed on a 2019 Mercedes Sprinter Van (hereinafter, "the Examined Mercedes Sprinter Van") on December 8, 2020; December 14, 2020; and January 7, 2021. Defendant Mercedes-Benz was represented at each examination by legal counsel and its own engineering consultants.

28.     The Examined Mercedes Sprinter Van experienced a rollaway event of its own on October 15, 2020. Just prior to this event, the driver of the Examined Mercedes Sprinter Van

parked the vehicle along a graded road, put it in park, engaged the emergency parking brake, and then exited through the driver-side door. The driver then heard a loud "Bang" and then witnessed the Examined Mercedes Sprinter Van roll downhill unattended while emitting a rapid "clicking" noise.

29.     It was observed and determined during the above-referenced examinations that, *inter alia*:

a.  The Subject Mercedes Van's automatic-parking safety feature was operational at the time of the loss.

b.  The Subject Mercedes Van's automatic-parking safety feature's being in working order at the time of the loss necessarily indicates that the vehicle was in Park, as designed, as the driver would have exited out of the driver-side door in order to complete his delivery.

c.  The Subject Mercedes Van's parking brake first becomes discernably engaged on its seventh-out-of-twenty ratchet "clicks." The driver is required to exert 13.5 and 114 pounds of upward force to engage the parking brake at these intervals, respectively.

d.  The Subject Mercedes Van's parking brake does not adequately ensure the vehicle's stasis on a graded incline until its twelfth ratchet click.

e.  Data captured Airbag Control Module (ACM) indicate that the Subject Mercedes Van's engine operated at an idle speed of 640 revolutions per minute in the five seconds leading up to the collision and deployment of airbags.

f.  The Subject Mercedes Van's engine remaining at a constant, idle speed demonstrates that the vehicle was either in Neutral or Park at the time of the loss. Neutral and Park constitute the only two positions in which the Subject Mercedes Van's drive-wheels are not connected to its engine. Therefore, had the Subject Mercedes Van's transmission been in any other position at the time of the loss, the increasing angular velocity of its drive wheels would have necessarily resulted in the ACM recording an increasing speed within the engine. Therefore, the data indicating this not to have been the case dispositively evidences the Subject Mercedes Van to have been in either of these two positions at the time of the loss.

g.  Wear patterns were found to exist along "ring gear" of the Subject Mercedes Van's transmission, and metal shavings were observed in the transmission fluid.

h.  These signs of wear and tear found in the Subject Mercedes Van's ring gear and transmission fluid, being highly uncharacteristic of a vehicle commensurate to its age and mileage, along with the loud "bang" heard on October 15 and on each prior rollaway event, indicates that the transmission's "park pawl" had been violently ejected from engagement with the transmission ring gear, effectively releasing the vehicle from Park. The following, rapid "clicking" noise is consistent with the park pawl attempting to reengage but failing to find purchase due to the vehicle's gathered momentum.

30.     The defects referenced above are each a consequence of, and inherent to, the design of Defendant Mercedes-Benz's 2019 Sprinter Vans, including those enumerated in this Complaint (hereinafter, "the enumerated Mercedes Sprinter Vans").

31.     As a result of the defects latent within the enumerated Mercedes Sprinter Van at the time of their purchase and/or leasing, Plaintiffs VIP Delivery and Steel City Eagles suffered damages in the form of first- and third-party property damages, mitigation and prevention costs, loss of business income, and other expenses.

32.     As a result of the damages suffered by Plaintiffs VIP Delivery, and Steel City Eagle, Plaintiff Old Republic has made, and continues to make, insured payments in comportment with Plaintiffs VIP Delivery and Steel City Eagle's respective insurance policies.

33.     This loss complained of herein was due solely to the negligence of Defendant Mercedes-Benz and was caused in no manner whatsoever to any acts or omissions on the part of Plaintiff VIP Delivery, Steel City Eagles or Plaintiff Old Republic.

**COUNT I**
**STRICT PRODUCTS LIABILITY - DESIGN DEFECT**
**PLAINTIFFS v. MERCEDES-BENZ USA, LLC**

34.     Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic incorporate by reference the averments made in paragraphs 1 through 33 of this Complaint as if the same were fully set forth herein at length.

35.     At all times material or relevant hereto, Defendant Mercedes-Benz was engaged in the business of designing, manufacturing, assembling, testing, advertising, distributing, leasing, and selling the Mercedes Sprinter Vans which were leased and/or owned by Plaintiffs VIP Delivery and Steel City Eagles.

36.     On the date of each Rollaway Event enumerated above, the relevant Mercedes Sprinter Van was in use by Plaintiff VIP Delivery or Plaintiff Steel City Eagles for the foreseeable purpose of effectuating deliveries within the Greater Pittsburgh Region.

37.     Defendant Mercedes-Benz possessed actual or constructive knowledge that its customers, such as Plaintiffs VIP Delivery and Steel City Eagles, would use its Mercedes Sprinter Vans to effectuate deliveries throughout the country and within all topographic environs reasonably inhabited therein and that these Mercedes Sprinter Vans would be insured by insurance carriers, such as Plaintiff Old Republic.

38.     Defendant Mercedes-Benz designed, manufactured, assembled, tested, inspected, marketed, distributed, and leased or sold the Mercedes Sprinter Vans, and each of their component parts material or relevant to the circumstances on which this action is based, with defects in design which made them unreasonably dangerous and unsafe for their intended and reasonably foreseeable use.

39.     Each of the enumerated Mercedes Sprinter Vans were defective in that:

a.  Its transmission was undersized and/or under-designed for the purpose of ensuring that the vehicle would remain stationary when parked along all inclined surfaces of reasonable and foreseeable grades; and

b.  Its parking brake required too much upward force to reasonably expect that drivers be able to routinely and adequately engage the mechanism to the extent necessary to hold the vehicle in position should the vehicle's transmission unintentionally eject from Park.

40.     The design defects in the Mercedes Sprinter Vans constitute an unreasonably dangerous condition that caused the Mercedes Sprinter Vans enumerated above (hereinafter, "the enumerated Mercedes Sprinter Vans") to spontaneously eject from Park and to roll unaccompanied down inclined roads of reasonable and foreseeable grade, resulting in significant first- and third-party property damage to Plaintiffs VIP Delivery, Steel City Eagles, and others.

41.     The enumerated Mercedes Sprinter Vans contained the design defects referenced above when Defendant Mercedes-Benz introduced them into the stream of commerce.

42.     The enumerated Mercedes Sprinter Vans were defective and unsafe for their intended use. Due to their design defects, the enumerated Mercedes Sprinter Vans failed to exhibit the level of safety and assurance an ordinary consumer would reasonably expect when used in an intended or reasonably foreseeable manner.

43.     Furthermore, the risk of danger posed by the Mercedes Sprinter Vans' defective design categorically outweighs any benefits said design might otherwise contribute and safer alternative designs were available at the time of manufacture. Indeed, upon information and belief, such designs were regularly and successfully implemented by Defendant Mercedes-Benz in the Mercedes Sprinter Van line, prior to the 2019 model. Therefore, the Mercedes Sprinter Vans presented a substantial and unreasonable risk of serious injuries to persons and property, both to its customers and to those reasonably foreseeable to come into contact with these products.

44.     As a result of defects latent within the enumerated Mercedes Sprinter Van, Plaintiffs VIP Delivery and Steel City Eagles suffered damages in the form of first- and third-party property damages, mitigation and prevention efforts, loss of business, business interruption loss and other expenses.

45.     Defendant Mercedes-Benz is strictly liable to Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic for the damages complained of herein by reason of having sold and placed into the stream of commerce defective Mercedes Sprinter Vans, including the enumerated Mercedes Sprinter Van whose defects form the basis of this action.

WHEREFORE Plaintiffs VIP Delivery Solutions, LLC; Steel City Eagles, Corp; and Old Republic Insurance Company demand judgment against Defendant Mercedes-Benz USA, LLC in an amount in excess of $50,000 for the pecuniary damages suffered, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.

### COUNT II
### STRICT PRODUCTS LIABILITY – FAILURE TO WARN
### PLAINTIFFS v. MERCEDES-BENZ USA, LLC

46.     Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic incorporate by reference the averments made in paragraphs 1 through 45 of this Complaint as if the same were fully set forth herein at length.

47.     At all times material or relevant hereto, Defendant Mercedes-Benz was engaged in the business of designing, manufacturing, assembling, testing, advertising, distributing, leasing, and selling the Mercedes Sprinter Vans leased and/or owned by Plaintiffs VIP Delivery and Steel City Eagle.

48.     Though Plaintiffs VIP Delivery and Steel City Eagles used and operated their enumerated Mercedes Sprinter Vans in a reasonably foreseeable and intended manner on the date of each respective Rollaway Event, said vehicles nonetheless spontaneously ejected from Park and subsequently rolled down roads of foreseeable grades, absent of their drivers' presence or intent, resulting in significant property damage to Plaintiff VIP Delivery, Steel City Eagles, and others.

49.    Defendant Mercedes-Benz possessed actual and constructive knowledge that consumers such as Plaintiff VIP Delivery and Steel City Eagles would use the Mercedes Sprinter Vans in the manner, and on such topographic environs, as the enumerated Sprinter Vans Van were used and that said Mercedes Sprinter Vans would be insured by insurance carriers, such as Plaintiff Old Republic.

50.    Defendant Mercedes-Benz failed to warn Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic of the latent dangers posed by the reasonably foreseeable use of the Mercedes Sprinter Vans. At no time did Defendant Mercedes-Benz in any way warn of its products' susceptibility to spontaneously eject from Park, nor did it warn of their drivers' need to exert an unreasonable level of upward force in order to adequately engage the parking brake.

51.    Defendant Mercedes-Benz's failure to warn of the risks inherent to, and lack of proper and adequate instructions on the safe use of, the Mercedes Sprinter Vans, including the enumerated Mercedes Sprinter Vans, constituted a substantial factor in causing the injuries complained of herein.

52.    As a result of defects latent within the enumerated Mercedes Sprinter Van, Plaintiffs VIP Delivery and Steel City Eagles suffered damages in the form of first- and third-party property damages, mitigation and prevention efforts, loss of business, business interruption loss and other expenses.

53.    Defendant Mercedes-Benz is strictly liable to Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic for the damages complained of herein by reason of having sold and placed into the stream of commerce defective Mercedes Sprinter Vans, including the enumerated Mercedes Sprinter Van whose defects form the basis of this action.

WHEREFORE Plaintiffs VIP Delivery Solutions, LLC; Steel City Eagles, Corp; and Old Republic Insurance Company demand judgment against Defendant Mercedes-Benz USA, LLC in an amount in excess of $50,000 for the pecuniary damages suffered, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.

## COUNT III
## NEGLIGENCE
## PLAINTIFFS v. MERCEDES-BENZ USA, LLC

54.    Plaintiffs VIP Delivery, Steel City Eagle, and Old Republic incorporate by reference the averments made in paragraphs 1 through 53 of this Complaint as if the same were fully set forth herein at length.

55.    At all times material or relevant hereto, Defendant Mercedes-Benz held itself out as having expertise in the design, engineering, manufacturing, testing, and inspecting of motor vehicles and owed a duty of care of one providing such goods and services.

56.    Defendant Mercedes-Benz breached its duty when it failed to exercise reasonable care in one or more of the following ways:

   a. Selling vehicles, including the enumerated Mercedes Sprinter Vans, which it knew or should have known to be defective in a manner that poses an unreasonable and foreseeable risk of injury to persons and property;

   b. Failing to properly and adequately design and engineer the 2019 Mercedes Sprinter Van in such a manner as to assure that this vehicle would not spontaneously roll away when used in a reasonable and foreseeable manner;

   c. Failing to properly and adequately design and engineer the 2019 Mercedes Sprinter Van's transmission in such a manner as to assure that said transmission would not spontaneously eject from the Park position in the absence of the driver's action or intent;

   d. Failing to properly and adequately test and inspect the 2019 Mercedes Sprinter Van's transmission so as to assure that it would not spontaneously eject from the Park position in the absence of the driver's action or intent;

e. Failing to properly and adequately design and engineer the 2019 Mercedes Sprinter Van's parking brake in such a manner that the typical driver could reasonably be expected to exert sufficient upward force to engage said parking brake to the extent necessary to assure that the vehicle remains stationary when parked upon any reasonable and foreseeable topography;

f. Failing to properly and adequately test and inspect the 2019 Mercedes Sprinter Van's parking brake so as to assure that the typical driver could reasonably be expected to exert sufficient upward force to engage said parking brake to the extent necessary to assure that the vehicle remains stationary when parked upon any reasonable and foreseeable topography;

g. Failing to warn at the time of sale that the 2019 Mercedes Sprinter Van's parking brake required an unreasonable and atypical amount of force to be exerted upon it before it becomes sufficiently engaged;

h. Misrepresenting the 2019 Mercedes Sprinter Van's automatic-parking safety feature as a reliable means of assuring that the vehicle does not roll away when after its driver exits; and

i. Being otherwise negligent.

57.     Each of the above-referenced acts or omissions, separately or in combination with others, constitutes negligence on the part of Defendant Mercedes-Benz and is a direct and proximate cause of the damages suffered by Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic, which are in excess of the minimum jurisdictional limits of this Court.

58.     As a result of defects latent within the enumerated Mercedes Sprinter Van, Plaintiffs VIP Delivery and Steel City Eagles suffered damages in the form of first- and third-party property damages, mitigation and prevention efforts, loss of business, business interruption loss and other expenses.

59.     Defendant Mercedes-Benz is strictly liable to Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic for the damages complained of herein by reason of having sold and placed into the stream of commerce defective Mercedes Sprinter Vans, including the enumerated Mercedes Sprinter Van whose defects form the basis of this action.

WHEREFORE Plaintiffs VIP Delivery Solutions, LLC; Steel City Eagles, Corp; and Old Republic Insurance Company demand judgment against Defendant Mercedes-Benz USA, LLC in an amount in excess of $50,000 for the pecuniary damages suffered, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.

**COUNT IV**
**BREACH OF WARRANTY**
**PLAINTIFFS v. MERCEDES-BENZ USA, LLC**

60.    Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic incorporate by reference the averments made in paragraphs 1 through 59 of this Complaint as if the same were fully set forth herein at length.

61.    Defendant Mercedes-Benz warranted that its 2019 Mercedes Sprinter Van was merchantable, fit, and safe for the ordinary and particular purpose for which the enumerated Mercedes Sprinter Vans were sold and/or leased.

62.    The aforesaid warranties were breached by Defendant Mercedes-Benz, and the enumerated Mercedes Sprinter Vans did not conform to the representations made, were not merchantable nor fit and safe for the ordinary and particular purpose for which they was sold and/or leased, and were not free of defect.

63.    Each of the aforesaid breaches of warranty constitute a proximate cause of the damages suffered by Plaintiff VIP Delivery, Steel City Eagles, and Old Republic, which are in excess of the minimum jurisdictional limits of this Court.

64.    As a result of defects latent within the enumerated Mercedes Sprinter Van, Plaintiffs VIP Delivery and Steel City Eagles suffered damages in the form of first- and third-party

property damages, mitigation and prevention efforts, loss of business, business interruption loss and other expenses.

65.     Defendant Mercedes-Benz is strictly liable to Plaintiffs VIP Delivery, Steel City Eagles, and Old Republic for the damages complained of herein by reason of having sold and placed into the stream of commerce defective Mercedes Sprinter Vans, including the enumerated Mercedes Sprinter Van whose defects form the basis of this action.

WHEREFORE Plaintiffs VIP Delivery Solutions, LLC; Steel City Eagles, Corp; and Old Republic Insurance Company demand judgment against Defendant Mercedes-Benz USA, LLC in an amount in excess of $50,000 for the  pecuniary damages suffered, reasonable costs incurred as a result of this lawsuit, pre- and post-judgment interest as provided by law, and further relief as the Court may deem just and reasonable.


DUGAN, BRINKMANN, MAGINNIS AND PACE


BY: ___*s/Randy C. Greene*_____
          Randy C. Greene, Esquire

VERIFICATION

Courtney Amundson avers that the allegations contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief; and that the statements in said Complaint are made subject to the penalties of 18 Pa. C.S.§ 4904 relating to unsworn falsifications to authorities.

**Courtney Amundson**

VERIFICATION

Vincent Parrucci avers that the allegations contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief; and that the statements in said Complaint are made subject to the penalties of 18 Pa. C.S.§ 4904 relating to unsworn falsifications to authorities.

Vincent Parrucci

VERIFICATION

Emilia Wiles avers that the allegations contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief; and that the statements in said Complaint are made subject to the penalties of 18 Pa. C.S.§ 4904 relating to unsworn falsifications to authorities.

*emilia wiles*

Emilia Wiles